# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-531V
### Filed: March 31, 2021
UNPUBLISHED

|  |  |
|---|---|
| TARA ELVIRA, on behalf of D.E., | Special Master Horner |
| Petitioner, |  |
| v. | Interim Attorneys' Fees and Costs Decision; Reasonable Hourly Rate |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Mark T. Sadaka, Sadaka Associates LLC, Englewood, NJ, for petitioner.*
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 14, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her minor child, D.E., suffered atypical Kawasaki disease caused or significantly aggravated by D.E.'s February 26, 2015 Prevnar-13 (pneumococcal conjugate) vaccination. (ECF No. 1.) On February 26, 2021, petitioner moved for an award of interim attorneys' fees and costs in the amount of $56,990.57. (ECF No. 62.) In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs. (ECF No. 63.) For the reasons discussed below, petitioner is awarded interim attorneys' fees and costs in the full amount of $56,990.57.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

## I.      Procedural History

This case was originally assigned to Special Master Millman.  (ECF No. 4.)  On June 6, 2017, Special Master Millman issued an Order to Show Cause, ordering petitioner to address the severity requirement during a status conference.  (ECF No. 8.) Such status conference was held on July 10, 2017, and Special Master Millman allowed petitioner to brief the issue of the six-months sequalae statutory requirement.  (ECF No. 9.)  Petitioner filed an amended petition and response to the Order to Show Cause on September 15, 2017.  (ECF Nos. 12-13.)

Special Master Millman found that petitioner's argument that D.E. experienced more than six months of residual effects sufficient and ordered petitioner to file an expert report supporting her claim.  (ECF No. 24.)  On September 10, 2018, petitioner filed an expert report from Dr. M. Eric Gershwin.  (ECF No. 30.)  Thereafter, respondent filed expert reports from Drs. Andrew J. MacGinnitie and Scott Yeager in response. (ECF Nos. 33-36.)  Additionally, respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 37.)

This case was reassigned to my docket on June 6, 2019.  (ECF No. 41.)  On September 5, 2019, I held a Rule 5 conference and issued a subsequent order indicating that a supplemental report from Dr. Gershwin would be necessary to proceed. (ECF No. 45.)

On February 20, 2020, petitioner filed a supplemental report from Dr. Gershwin. (ECF No. 48.)  Respondent filed an additional report from Dr. MacGinnitie on March 31, 2020 and petitioner provided a further report from Dr. Gershwin on December 30, 2020. (ECF Nos. 51, 59.)  On February 3, 2021, respondent filed a joint status report, indicating that the parties "do not believe that the case is ripe for a ruling on the record," and requesting an additional opportunity for respondent to file a responsive supplemental report from Dr. MacGinnitie.  (ECF No. 61.)

Petitioner filed the instant motion for interim attorneys' fees and costs on February 26, 2021, respondent filed his response on March 2, 2021, and petitioner filed her reply on March 3, 2021.  (ECF Nos. 62-64.)  Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Even if their claim is unsuccessful, petitioners are entitled to an award of reasonable attorneys' fees and costs if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit has additionally concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal

Circuit held that, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352.  In denying an interim fee award, the *Avera* court explained that "[t]he amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  *Id.*  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

Respondent did not contest petitioner's good faith and reasonable basis for this claim, but instead deferred to my judgment.  (ECF No. 63, p. 2.)  Upon review of the record, there is no evidence that this petition was brought in bad faith, and further, based on the facts and expert presentation of this case thus far, petitioner had a reasonable basis to file her claim.  Petitioner's request for interim attorneys' fees and costs is made after more than four years of litigation within the entitlement phase of this case and after petitioner incurred costs for providing multiple expert reports to support her claim.  Moreover, the time to ultimate resolution of this case remains unknown.  Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### III.   Reasonableness of the Requested Award

#### a.  Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has

subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

Here, petitioner is seeking $43,327.31 in interim attorneys' fees for work performed from 2016 through 2021.  I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates for attorney time and paralegal time pertaining to 2016 through 2020 are reasonable and in accord with prior awards made by other special masters for the.  Petitioner requested an increase in hourly rates for 2021 for both attorney and paralegal time.  Mr. Sadaka is requesting an hourly rate of $444 for 2021 and an hourly of rate of $172 for his paralegal for 2021. (ECF No. 62, p. 4.)  Petitioner indicates that the new rates are in accord with the *McCulloch* reasoning and the forum rates set by the Office of Special Masters.  (*Id.*) The requested rates are consistent with the fee schedule established by the Office of Special Masters and therefore, I find the new hourly rates for 2021 to be reasonable.

Turning next to the hours billed, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *rev'd on other grounds and aff'd in relevant part¸* 988 F.2d 131 (Fed. Cir. 1993).  Upon my review, the hours that have been billed in this case are reasonable.

### b.  Interim Attorneys' Costs

Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.")  An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and the petitioners have the burden of demonstrating that the expert costs incurred were reasonable.  *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).  In this case, petitioner seeks $13,769.33 in interim attorneys' costs.

In this case, petitioner seeks $13,663.26 in interim attorneys' costs, including the cost of obtaining medical records and expert costs billed by Dr. Gershwin.  Dr. Gershwin's hourly rate of $500 per hour is comparable to what has been awarded in other recent cases.  *See e.g.*, *Mills v. Sec'y of Health & Human Servs.*, No. 17-457V, 2021 WL 798823 (Fed. Cl. Spec. Mstr. Feb. 4, 2021); *Lewis v. Sec'y of Health & Hum. Servs.*, No. 16-1604V, 2020 WL 4578584 (Fed. Cl. Spec. Mstr. July 8, 2020); *Soltys v. Sec'y of Health & Hum. Servs.*, No. 17-401V, 2020 WL 5049411 (Fed. Cl. Spec. Mstr.

---

[2] Each of the Fee Schedules for 2015 through 2021 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, 2020, and 2021 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

June 26, 2020); *Santoroski v. Sec'y of Health & Hum. Servs.*, No. 15-1294V, 2019 WL 3577842 (Fed. Cl. Spec. Mstr. June 8, 2020).  Upon review, I find that the total amount requested is reasonable for the work performed by Dr. Gershwin in this case. Additionally, the remaining costs are well-documented and shall be awarded in full for a total award of $13,663.26.

## IV.     Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.**  Petitioner is awarded $56,990.57, representing $43,327.31 in interim attorneys' fees and $13,663.26 in interim attorneys' costs. **Accordingly, I award a total of $56,990.57 as a lump sum in the form of a check payable to petitioner and her counsel, Mark T. Sadaka.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.