# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-531V
Filed: August 6, 2025

| | |
|---|---|
| TARA ELVIRA *on behalf of* D.E.,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Master Horner |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Adam Nemeth Muffett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

　　On April 14, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that her minor child, D.E., suffered atypical Kawasaki disease caused or significantly aggravated by D.E.'s February 26, 2015 Prevnar-13 (pneumococcal conjugate) vaccination.  (ECF No. 1.) On November 6, 2024, a decision was issued dismissing the petition.  (ECF No. 104.) On February 24, 2025, petitioner filed a motion seeking a final award of attorneys' fees and costs totaling $26,292.59, including $26,275.50 for attorneys' fees and $17.09 for attorneys' costs.[2] (ECF No. 107-1, p. 14.)

　　Respondent filed his response on February 25, 2025.  (ECF No. 108.) Respondent agrees that the statutory requirements for an award of attorneys' fees and

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On March 31, 2021, petitioner was awarded interim attorneys' fees and costs totaling $56,990.57. (ECF No. 67.)

costs have been met.  (*Id.* at 2.)  Noting the special master's discretion regarding attorneys' fees and costs and cautioning that determination of fees "should not result in a second major litigation," "[r]espondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 2-4.)

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 107-1.)  In the undersigned's experience, the request appears reasonable overall, and the undersigned finds no cause to reduce the requested hours or rates.  Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  The costs also appear to be reasonable and sufficiently documented.  (ECF No. 107-2.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $26,292.59, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Mark Theordore Sadaka's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.